16.4774

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FARMERS CASUALTY INSURANCE COMPANY, a Rhode Island corporation f/k/a Metropolitan Casualty Insurance Company, | ) ) ) ) |
| *Plaintiff,* | ) ) |
| —vs— | ) ) |
| ANNA BERLINGERIO and FIRST HOSPITALITY GROUP, INC., an Illinois corporation | ) ) ) ) |
| *Defendants.* | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Now comes the plaintiff, FARMERS CASUALTY INSURANCE COMPANY ("Farmers") a Rhode Island corporation f/k/a METROPOLITAN CASUALTY INSURANCE COMPANY ("Met"), by and through its attorneys, Joseph P. Postel and Haley M. Loutfy of LINDSAY, PICKETT & POSTEL, LLC, and for its complaint for declaratory judgment (pursuant to the Declaratory Judgment Act, 28 USC 2201 *et seq*.) against ANNA BERLINGERIO ("Anna") and FIRST HOSPITALITY GROUP, INC., ("First Hospitality") an Illinois corporation alleges as follows:

### Introduction

Farmers seeks a judicial declaration that it owes no duty to defend or indemnify its named insured, Anna, with respect to a third-party complaint for contribution (the "third-party complaint") filed against her by First Hospitality, currently pending in the Circuit Court of Cook County, Case No. 2020 L 013091. The third-party complaint arises out of a wrongful death lawsuit filed by Simone Berlingerio, Special Administrator of the Estate of Luca Berlingerio, Deceased. The wrongful death lawsuit alleges that Simone and Anna's

5-year-old son, Luca, was injured and died after a sofa table located at The Drake Oak Brook Resort ("The Drake") fell on his head. First Hospitality, which allegedly managed or maintained The Drake, filed a third-party complaint against Anna alleging that she failed to supervise her son thereby causing or contributing to his death. As set out below, the Farmers policy does not provide coverage to Anna for the third-party complaint as it is barred by an exclusion for "Injury of an Insured."

## The Parties

1. At all relevant times, Farmers was a corporation organized under the laws of the State of Rhode Island, with its principal place of business in Warwick, Rhode Island. Farmers is accordingly a citizen of Rhode Island.

2. At all relevant times, the defendant, Anna was a citizen of the State of Illinois, residing in Elmwood Park, Illinois.

3. First Hospitality is a corporation organized under the laws of Illinois and is headquartered in Chicago, Illinois. First Hospitality is accordingly a citizen of Illinois. First Hospitality is a "necessary party" to this action under applicable state law and may therefore be a "required party" under FRCP 19, in that it may have an interest in the subject matter of this action. Farmers seeks no relief from First Hospitality other than to the extent, if any, it is interested in the subject matter of this action, that it be bound by the judgment sought herein. If First Hospitality will sign a stipulation to that effect, then Farmers would be willing to voluntarily dismiss it as a defendant.

### Jurisdiction and Venue

4. The jurisdiction of this Court is based upon 28 U.S.C. § 1332, in that there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391, in that all of the defendants are citizens of Illinois and reside in this District.

### The Wrongful Death Lawsuit

6. On or about June 24, 2022, Simone Berlingerio, Special Administrator of the Estate of Luca Berlingerio, Deceased, filed an amended wrongful death lawsuit in the Circuit Court of Cook County, Case No. 2020 L 13091. A copy of the amended wrongful death lawsuit is attached hereto as **Exhibit A**.

7. The wrongful death lawsuit alleges that on September 4, 2020, Simone and Anna's five-year-old son, Luca, sustained injury and died after a sofa table fell on his head while he was attending a wedding reception at The Drake. *Id*.

8. The wrongful death lawsuit names The Drake, First Hospitality, and the manufacturers of the subject sofa table. *Id.*

### The Third-Party Complaint

9. On July 15, 2022, First Hospitality filed a third-party complaint against Anna. A copy of the third-party complaint is attached hereto as **Exhibit B**.

10. The third-party complaint alleges that on September 4, 2020, Anna and her son Luca attended a wedding at The Drake. *Id*. at ¶ 6.

11. The third-party complaint alleges that Luca was "left unattended, unsupervised, and outside of the sight lines of his parents to play on and about the subject sofa table and other furniture" located at The Drake. *Id*. at ¶ 13.

12. The third-party complaint alleges that Anna breached her duty to supervise Luca, thereby causing or contributing to her son's injury and death. *Id*. at ¶ 14-16.

### The Farmers Policy

13. Farmers (formerly Met) issued Anna a GrandProtect Condominium Policy, numbered 2080902730, effective November 20, 2019 through November 20, 2020 (the "Farmers Policy"). A true and correct, certified copy of the Farmers policy is attached hereto as **Exhibit C**.

14. The material provisions of the Farmers policy are as follows:

**LIABILITY, MEDICAL EXPENSES
AND OPTIONAL COVERAGES**

**SECTION II – LOSSES WE COVER**

**COVERAGE F – PERSONAL LIABILTY**

> **Agreement**. We will pay all sums for **bodily injury, property damage** and **personal injury** to others for which the law holds **you** responsible because of an **occurrence** to which this coverage applies. (Amended by HA01IL0705)
>
> **We** will defend **you**, at our expense with counsel of **our** choice, against any suit seeking those damages. **We** may investigate, negotiate, or settle any suit. **We** are not obligated to defend any claim or suit seeking damages not covered under this policy.

\*\*\*

**SECTION II - LOSSES WE DO NOT COVER**

\*\*\*

**COVERAGE F – PERSONAL LIABILITY AND COVERGE G – MEDICAL PAYMENTS TO OTHERS**

4

13. **Injury of an Insured. We** do not cover **bodily injury** to any insured within the meaning of Part 1 of the definition of **you.** This exclusion applies regardless of whether claim is made or suit is brought against **you** by the injured person or by a third party seeking contribution or indemnity.

*** 

## GENERAL DEFINITIONS

**"You"** and **"your"** mean:
1. the person or persons named in the Declarations and if a resident of the same household:
    A. the spouse of such person or persons;
    B. the relatives of either; or
    C. any other person under the age of twenty-one in the care of any of the above;***

15. There may be other material provisions in the Farmers policy, and Farmers reserves the right to plead them in the future.

## Coverage Allegations

## Count I
## No Duty to Defend or Indemnify Anna- The Third-Party Complaint

16. The third-party complaint seeks contribution from Anna in connection with the death of her son, Luca.

17. Luca resided in Anna's household on the date of loss, and therefore meets the definition of "you" under the Farmers policy.

18. Exclusion 13 of the Farmers policy bars coverage for liability arising from bodily injury to any insured falling within the definition of "you."

19. Exclusion 13 of the Farmers policy bars coverage for the third-party complaint against Anna.

20. There may be other bases on which Farmers can properly deny a defense and indemnity to Anna, and Farmers reserves the right to plead them in the future.

5

WHEREFORE, the plaintiff, FARMERS CASUALTY INSURANCE COMPANY, a Rhode Island corporation f/k/a Metropolitan Casualty Insurance Company, respectfully requests that this honorable court enter a declaratory judgment, pursuant to the Declaratory Judgment Act, 28 USC 2201 *et seq.*, finding and declaring that it owes no duty to defend or indemnify the defendant, ANNA BERLINGERIO, with respect to the third-party complaint filed against her by FIRST HOSPITALITY GROUP, INC., and for such other and further relief as the court shall deem just.

          Respectfully submitted,
          LINDSAY, PICKETT & POSTEL, LLC

          By: /s/ Joseph P. Postel
             Attorney for Plaintiff FARMERS
             CASUALTY INSURANCE COMPANY

Joseph P. Postel
jpostel@lpplawfirm.com
ARDC No.: 6189515
Haley M. Loutfy
hloutfy@lpplawfirm.com
ARDC No.: 6330052
LINDSAY, PICKETT & POSTEL, LLC
200 W. Madison St., Suite 3850
Chicago, Illinois 60606